# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

    **v.**                                  **Case No. 04-CR-190**

**MICHELLE WILLIS**
      **Defendant.**

## ORDER

On March 27, 2007, I sentenced defendant Michelle Willis to a year and a day in prison. She has now written asking me to amend the judgment to grant three to six months halfway house time. She states that the BOP will only allot her thirty days halfway house time unless I order otherwise.

District courts generally lack authority to amend criminal judgments months after imposition of sentence. See United States v. Romandine, 206 F.3d 731, 735 (7th Cir. 2000) (stating that district courts' authority to modify sentences is strictly limited by Fed. R. Crim. P. 35). Further, the BOP, not the sentencing court, makes determinations about pre-release custody under 18 U.S.C. § 3624(c). A prisoner aggrieved by the BOP's decision may, after exhausting administrative remedies, challenge the decision in the district of confinement but not in the sentencing court. See United States v. Black, No. 1:00cr15-SPM, 2007 U.S. Dist. LEXIS 48189, at *2 (N.D. Fla. June 21, 2007); United States v. Leroy, No. 03-CR-289, 2006 U.S. Dist. LEXIS 74826, at *1-2 (E.D. Wis. Oct. 13, 2006); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469-70 (10th Cir. 1992); United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991). Therefore, defendant's request must be dismissed.

**THEREFORE, IT IS ORDERED** that defendant's request (R. 230) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

2